UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
FERNANDO GOMEZ LIBEREROS,

                                                            14 MC 266 (SJ)

       v.

                                                            MEMORANDUM
                                                            AND ORDER
UNITED STATES OF AMERICA,

        Defendant.

-------------------------------------------------X

A P P E A R A N C E S

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Lauren Howard Elbert
*Attorneys for the Government*

FERNANDO GOMEZ LIBEREROS
276 Prospect Park West, #3L
Brooklyn, NY 11215
*Proceeding Pro Se*

**JOHNSON, Senior District Judge:**

       Fernando Gomez Libereros ("Petitioner") comes before this Court seeking expungement of his 1994 conviction or, in the alternative, a certificate of relief from civil disabilities. Mr. Libreros filed his motion on March 6, 2014, the Government

1

filed an opposition on June 9, 2014, and this Court heard the Petitioner in a hearing on June 12, 2014.  For the following reasons, Petitioner's application is DENIED.

Mr. Libreros was convicted and sentenced nearly twenty years ago.  He states he has been clean, sober, and working in the hotel industry for the past thirteen years, since his release from prison.  Mr. Libreros informed the Court at a hearing on this matter that his long period of sobriety and productive citizenship comes after decades of drug dependence and unemployment.  He brings this motion, fearing he may lose his job if his past conviction comes to light and stating his conviction may have been a barrier to other employment opportunities.  While the Court commends Mr. Libreros on turning his life around, Mr. Libreros's claim of potential harm to his employment falls short of the "extreme circumstances" required to justify expunging a criminal record.  The motion to expunge is DENIED.

Given Petitioner's concerns, and the reality that post-conviction employment issues present an ongoing challenge in our society, the Court will note that New York State Law prohibits denying employment unless there is a "direct relationship" to the offense of conviction.  See N.Y. Exec. Law § 296(15); N.Y. Correct. Law §§ 750 to 753.[1]  Even then, the employer must consider: time elapsed since the offense, proof of rehabilitation or good conduct, and age, and other factors.  See N.Y. Correct. Law §

---

[1] N.Y. Exec. Law § 296(15) provides in pertinent part:
> It shall be an unlawful discriminatory practice … to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses… which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law….

2

753; N.Y. Corrections Law, Article 23-A.[2] In addition, the employee is entitled to a written statement of why employment was denied. See N.Y. Correct. Law § 754.[3] Lastly, employers are required, under New York Law, to "give consideration to a certificate of relief from disabilities" since the "certificate shall create a presumption of rehabilitation." See N.Y. Correct. Law § 753(2).[4] If, as Mr. Libreros alleges, he has been denied employment opportunities in New York solely on the basis of his previous conviction, he is entitled to a written explanation of why employment was denied within thirty days, upon his request. Going forward, Petitioner might demand a timely explanation for denial of employment in order to demonstrate that (a) his strong employment history is more important than a twenty-year old conviction, or (b) the

---

[2] New York Corrections Law, Article 23-A provides that employers must consider certain factors, including:
> (a) the public policy of the State to encourage the licensure and employment of people with criminal convictions; (b) the specific duties and responsibilities necessarily related to the license or employment; (c) the bearing, if any, the criminal offense will have on the applicant's fitness to perform job duties or responsibilities; (d) the time elapsed since the criminal offense; (e) the age of the person at the time of the criminal offense; (f) the seriousness of the offense; (g) any information produced by the person, or produced on his or her behalf, in regard to rehabilitation and good conduct; and (h) the legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

Id.

[3] New York Corrections Law Section 754 provides: "At the request of any person previously convicted of one or more criminal offenses who has been denied a license or employment, a public agency or private employer shall provide, within thirty days of a request, a written statement setting forth the reasons for such denial."

[4] New York Corrections Law Section 753(2) provides that:
> In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.

denial of employment solely on the basis of a prior conviction unrelated to the employment sought is contrary to New York State law.

Petitioner Libreros also asks this Court for relief from civil disabilities. This is a matter of well-settled law in the Second Circuit, dating back to a 1971 case, United States v. Da Grossa, 446 F.2d 902 (2d Cir.1971), which remains good law. Over forty years of subsequent case law confirms the holding in Da Grossa, which states that federal courts, including this court, lack jurisdiction over these claims. See Da Grossa, 446 F.2d at 903; see also United States v. Reich, 04-CR-587, 2007 WL 2891600, at *1 (E.D.N.Y. Sept. 28, 2007), United States v. Kalloo, 04-CR-381, 2008 WL 510395, at *1 (E.D.N.Y. Feb. 24, 2008); and United States v. Fierman, 99-CR-1086, 2002 WL 31640575, at *1 (S.D.N.Y. Nov.20, 2002).

In other words, this Court cannot issue a New York State Certificate of Relief from Civil Disabilities legally and no equivalent remedy exists in the federal system. Despite the fact his conviction and sentence were federal, Petitioner Libreros may seek a Certificate of Relief from Civil Disabilities in New York State Supreme Court, according to New York Law. See N.Y. Correct. Law 704; see also In re Helmsley, 152 Misc.2d 215, 575 N.Y.S.2d 1009, 1012 (N.Y.Sup.Ct.1991) (petitioner can seek certificate of relief from civil disabilities from federal conviction in New York State Supreme Court). Petitioner's request for a Certificate of Relief from Civil Disabilities is, therefore, DENIED. Nevertheless, Petitioner may pursue his request for relief from

civil disabilities in New York State Supreme Court, the appropriate forum for this remedy.

Finally, Petitioner asks this Court to intervene on his behalf with the Taxi & Limousine Commission. This request falls outside the scope of this case, outside the Court's jurisdiction, and fails to state a cognizable federal claim. This request is DENIED.


SO ORDERED.


DATED: June 12, 2014 _____/s/_____
       Brooklyn, New York         Sterling Johnson, Jr, U.S.D.J.